UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE WIMLE-ERVIN** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-2181** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | **SECTION I** |

**ORDER & REASONS**

The above-captioned matter was removed to this Court on October 23, 2025, from the 23rd Judicial District Court, Ascension Parish, State of Louisiana.[1] Before the Court is the parties' joint motion[2] to transfer venue pursuant to 28 U.S.C. § 1404, in which the parties seek to transfer the above-captioned matter to the Middle District of Louisiana.[3] The motion states that plaintiff Josephine Wimle-Ervin resides in Ascension Parish, Louisiana, and that all the "alleged acts and omissions relevant to the instant lawsuit took place in the Middle District of Louisiana."[4] Further, the parties indicate that the case should have been removed to the Middle District of Louisiana because the 23rd Judicial District Court is located in the Middle District of Louisiana.[5]

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

---

[1] *See* R. Doc. No. 1, at 2.

[2] R. Doc. No. 6.

[3] *See id.* at 1.

[4] *Id.*

[5] *See id.*

district or division where it might have been brought or to any district or division to which all parties have consented." Section 1406(a), on the other hand, states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Whether § 1404 or § 1406 applies turns on whether venue is proper. *See Eng'g & Inspection Servs., LLC v. New Rise Renewables, Reno LLC*, No. 23-6844, 2024 WL 3374345, at *2 (E.D. La. July 10, 2024) (Long, J.) ("If venue is improper in that court, then Section 1406(a) applies; if venue is proper in that court, then Section 1404(a) applies.") (citing *In re Atl. Marine Const. Co.*, 701 F.3d 736, 739 (5th Cir. 2012), *rev'd on other grounds sub nom. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013)).

In removed actions, venue is governed by § 1441. *See Taylor v. EMC Prop. & Cas. Ins. Co.*, No. 20-01146, 2021 WL 298889, at *1 (W.D. La. Jan. 28, 2021) (holding that the propriety of venue is governed by § 1441) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). Pursuant to § 1441, an action removed from a state court is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As such, venue is proper in the instant matter in the Middle District of Louisiana, which embraces Ascension Parish.[6]

Because venue is improper in this district, the Court must determine whether

---

[6] *See* United States District Court Middle District of Louisiana, *Court Information*, https://www.lamd.uscourts.gov/court-information.

to dismiss the above-captioned matter or transfer it pursuant to § 1406(a). *See Blacklands R.R. v. Ne. Texas Rural Rail Transportation Dist.*, No. 19-250, 2019 WL 3613071, at *3 (E.D. Tex. Aug. 5, 2019) ("As venue is not proper in this forum under § 1441, the court must either dismiss [the plaintiffs'] suit or transfer it to a judical district in which venue is proper under § 1406(a).")

Having considered the parties' joint motion to transfer, the Court finds that it is in the interest of justice to transfer rather than dismiss the above-captioned matter. *Cf. Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1 (E.D. La. May 6, 2014) (Africk, J.) ("Because venue is not proper in the Eastern District of Louisiana but would be proper in the Middle District, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.").

**IT IS ORDERED** that that joint motion to transfer is **GRANTED**. In the interest of justice, the above-captioned matter is **TRANSFERRED** to the U.S. District Court for the Middle District of Louisiana.

New Orleans, Louisiana, October 27, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

3